**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| COLUMBIAN FINANCIAL CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 14-2168-SAC ) |
| JUDI M. STORK, et al., | ) ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This matter comes before the court upon plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 41). For the reasons explained below, the undersigned magistrate judge recommends that plaintiff's motion be granted in part and denied in part.

I.

On April 10, 2014, Columbian Financial Corporation ("CFC") and Columbian Bank & Trust ("Bank") filed this action alleging two claims under 42 U.S.C. § 1983. The claims arose from the actions of the Office of the State Bank Commissioner of Kansas ("OSBC") in declaring the Bank insolvent, seizing its assets, and appointing the Federal Deposit Insurance Corporation ("FDIC") as receiver. CFC and the Bank alleged denial of due process from the seizure of bank assets, seeking equitable remedies and damages. The Complaint named the following defendants: Judi M. Stork, Deryl K. Shuster, Edwin G. Splichal, J. Thomas Thull and the OSBC. Stork and Schuster were named in their official capacities as officers of the OSBC. Splichal and Thull, former officers of OSBC, were named only in their individual capacities.

Following the seizure of its assets and the appointment of the FDIC as the receiver, CFC and the Bank sought judicial review of OSBC's actions in state court. The state court remanded

the petition to the OSBC for administrative proceedings. Approximately two years later, the OSBC issued a decision, granting summary judgment to CFC and the Bank. CFC and the Bank filed a new petition for judicial review in the Kansas courts. The trial court dismissed the petition as moot, and CFC and the Bank appealed. Prior to the resolution of this appeal, CFC and the Bank filed the instant case.

On November 18, 2014, Judge Crow granted defendants' motion to dismiss.[1] Judge Crow relied upon *Younger* abstention and qualified immunity.[2] He also dismissed the Bank, concluding that it could not sue under § 1983.[3] Finally, he dismissed the OSBC based upon Eleventh Amendment immunity.[4] CFC appealed. While this appeal was pending, the state-court appeal terminated in favor of the OSBC, and a petition for review was denied by the Kansas Supreme Court on June 29, 2015.[5]

The Tenth Circuit Court of Appeals affirmed Judge Crow's decision in part, and vacated and remanded in part.[6] The Court vacated the dismissal of the equitable claims on *Younger* grounds and remanded these claims for further consideration.[7] The Court affirmed Judge Crow's decision of the dismissal of the damage claims against defendants Stork and Thull based upon qualified immunity.[8] Judge Crow's dismissals of the Bank as a plaintiff and OSBC as a defendant were not appealed.[9]

---

[1] *Columbian Bank & Trust v. Stork*, No. 14-2168, 2014 WL 6472862 (D.Kan. Nov. 18, 2014).
[2] *Id*. at *5, *17.
[3] *Id*. at *6.
[4] *Id*. at *8.
[5] *Columbian Bank & Trust Co. v. Splichal*, No. 110,256-57, 329 P.3d 557 (Kan.Ct.App. July 25, 2014)(unpublished), *rev. denied*, (Kan. June 29, 2015).
[6] *Columbian Financial Corp. v. Stork*, 811 F.3d 390 (10th Cir. 2016).
[7] *Id*. at 395.
[8] *Id*. at 400.
[9] *Id*. at 402 n. 1.

II.

In the proposed amended complaint, CFC has deleted several claims and several parties. The Bank is no longer a plaintiff. Splichal, Thull and OSBC are no longer defendants. Stork and Schuster remain as defendants in their official capacities only. The First Amended Complaint contains three counts under § 1983, one for a violation of substantive due process and two for violations of procedural due process. The second claim for a violation of procedural due process is new. CFC contends that its due process rights were violated when OSBC, in seizing and closing the Bank, applied Kansas statutes that were unconstitutionally vague. CFC alleges that the defendants are responsible for OSBC's deprivation of its procedural due process rights.

In their response, defendants initially contend that CFC's claims of procedural due process and substantive due process in Counts I, II and III of the First Amended Complaint would not survive a motion to dismiss. They argue that CFC's claims (1) are barred by qualified immunity; (2) were rejected by the Tenth Circuit on appeal; (3) assert only violations of state law; and (4) appear to seek damages from the defendants which are barred by Eleventh Amendment immunity. Defendants also assert that CFC's claims against them in their official capacities would not withstand a motion to dismiss. Defendants suggest they are not "persons' under § 1983. Finally, they argue that CFC's claims are barred by the statute of limitations.

III.

Fed. R. Civ. P. 15 governs the procedure for amending the pleadings. At this juncture, plaintiffs may amend their complaint by consent of the opposing party or by leave of the court.[10] When leave of the court is required, the court may refuse to grant leave "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to

---

[10] Fed. R. Civ. P. 15(a)(2).

3

cure deficiencies by amendments previously allowed, or futility of amendment."[11] Leave should freely be given when justice requires.[12] Here, defendants oppose the amendments on the grounds of futility.

The court may deny a proposed amendment on the basis of futility "if the amendment would not withstand a motion to dismiss or otherwise fails to state a claim upon which relief may be granted."[13] When determining whether an amendment is futile, the court analyzes the proposed amendment as if it were before the court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[14] Therefore, the court will only deny an amendment on the basis of futility when factual allegations fail to "state a claim to relief that is plausible on its face,"[15] or when an issue of law is dispositive.[16] A pleading "does not need detailed factual allegations," but does need to provide grounds for entitlement to relief and requires "more than labels and conclusions."[17] Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully."[18] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19] The party opposing the proposed amendment bears the burden of establishing its futility.[20]

---

[11] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager*, *Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).
[12] Fed. R. Civ. P. 15(a)(2).
[13] *Wenner v. Bank of Am., NA*, 637 F.Supp.2d 944, 950 (D.Kan.2009) (internal quotations omitted) (quoting *Stewart v. Bd. of Comm'rs for Shawnee Cnty., Kan.*, 216 F.R.D. 662, 664 (D.Kan.2003)).
[14] *Collins v. Wal–Mart, Inc.*, 245 F.R.D. 503, 507 (D.Kan.2007) (citing *Sheldon v. Vermonty*, 204 F.R.D. 679, 682 (D.Kan.2001)).
[15] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[16] *Collins*, 245 F.R.D. at 507 (citing *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)).
[17] *Twombly*, 550 U.S. at 555.
[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[19] *Id.*
[20] *Boykin v. CFS Enter., Inc.*, No. 08–2249, 2008 WL 4534400, at * 1 (D.Kan. Oct. 6, 2008).

IV.

The court first considers defendants' argument that CFC "appears to seek damages" in this case. The contention arises from the following allegation in the "Prayer for Relief" in CFC's First Amended Complaint:

> WHEREFORE, CFC respectfully requests:
> a. judgment in its favor and against Defendants;
> b. an injunction requiring Defendants to provide CFC a hearing before a neutral judge or magistrate *at which it may pursue monetary damages* or injunctive relief sufficient to remedy the injuries CFC has suffered arising from the issuance of the Declaration, the seizure of the Bank, and the appointment of the FDIC as receiver;
> c. the award of attorneys' fees and costs as provided for under 42 U.S.C. § 1988(b);
> d. the award of such other relief as this Court may deem just and proper.[21]

In response, CFC repeatedly indicates that it does not seek monetary damages in this case. CFC states: [It] seeks only the meaningful due process hearing that it was wrongfully denied in the first instance, and which it still has the right to receive."[22] Nevertheless, CFC asserts that it can include the language for monetary damages because the mere possibility that a remedy might require a monetary payment from the state does not render the remedy improper. CFC, however, acknowledges that if the court believes that only prospective injunctive relief is sought, then the proper course of action is to strike the offending language or order it to file a revised amended complaint rather than to deny its amendment altogether.

There is little question that the law provides that "the mere possibility that a remedy incidentally may require a monetary payment from the state" does not mean that the Eleventh Amendment precludes the remedy.[23] This case, however, does not appear to fall within the cases where the courts have determined that the federal courts are empowered to order prospective injunctive relief even if compliance will cost the state money. Based upon the

---

[21] Pl.'s First Am. Compl. at 17(emphasis added).
[22] Rep. Mem. in Sup. of Mot. for Leave to File First Am. Compl. (ECF No. 52) at 3.
[23] *See Marie v. Mosier*, 122 F.Supp.3d 1085, 1110 (D.Kan. 2015).

allegations of the First Amended Complaint, the court finds that CFC can only receive prospective injunctive relief in this case. Accordingly, the court agrees that CFC's First Amended Complaint should be revised to eliminate any reference to monetary damages.

Next, the court finds no merit to defendants' argument that CFC's § 1983 claims are barred by qualified immunity. Qualified immunity is available only in suits against officials sued in their personal capacities, not in suits against officials in their official capacities.[24] The First Amended Complaint asserts claims against the defendants in their official capacities only. As a result, CFC's claims would not be subject to dismissal based upon qualified immunity.

The defendants next curiously contend that CFC's claims against defendants were decided by the Tenth Circuit. This argument also lacks merit. CFC initially asserted claims against defendant Schuster in his official capacity, and against defendant Stork in her official and individual capacities. For the official capacity claims, CFC sought only equitable relief. Judge Crow dismissed the equitable claims based upon *Younger* abstention. On appeal, the Tenth Circuit reversed and remanded the official capacity claims after finding that *Younger* abstention no longer applied. The Tenth Circuit did not consider whether the claims asserted by CFC were sufficient to allege a due process violation as a matter of law. Rather, the Court found only that the defendants sued in their individual capacities were entitled to qualified immunity because their actions did not violate clearly established rights. As correctly pointed out by CFC, this is not the same as finding that no violation of CFC's constitutional rights occurred.

The court also finds no merit to defendants' contention that defendants cannot be sued in their official capacities under §1983 because they are not "persons." Since defendants are being sued only for injunctive relief in their official capacities, they are properly sued under §1983.[25]

---

[24] *Cox v. Glanz*, 800 F.3d 1231, 1239 n. 1 (10th Cir. 2015).
[25] *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 n. 10 (1989).

In addition, the defendants' argument that CFC's claims are subject to dismissal because they allege only state law violations lack merit. CFC is alleging claims under the Fourteenth Amendment, not state law. Therefore, CFC has stated a valid claims for relief under § 1983.

Finally, the court examines defendants' argument that CFC's claims are barred by the statute of limitations. Defendants suggest that CFC's claims should have been included in the original complaint, and its failure to do so, renders them time-barred. CFC counters that its amendments in the First Amended Complaint are timely because they relate back to the date of their original complaint.

Section 1983 claims are governed by the state statute of limitations applicable to personal injury claims.[26] In Kansas, the applicable period is two years under K.S.A. 60-513(a).[27] An amendment to a pleading relates back to the date of the original pleading if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."[28] The purpose of relation back is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure . . . for resolving disputes on their merits."[29] "'The rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide.'"[30] The law governing application of the relation back doctrine is summarized as follows:

> As a general rule, amendments will relate back if they amplify the facts previously alleged, correct a technical defect in the prior complaint, assert a new legal theory of relief, or add another claim arising out of the same facts. For

---

[26] *Brown v. Unified Sch. Dist. 501*, 465 F.3d 1184, 1188 (10th Cir. 2006).
[27] *Id.*
[28] Fed.R.Civ.P. 15(c)(1)(B).
[29] *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 550 (2010).
[30] *McClelland v. Deluxe Fin. Servs.*, 431 Fed.Appx. 718, 725 (10th Cir.2011) (quotation omitted).

relation back to apply, there is no additional requirement that the claim be based on an identical theory of recovery. On the other hand, amendments generally will not relate back if they interject entirely different facts, conduct, transactions or occurrences. It is a matter committed to the district court's sound discretion to decide whether a new claim arises out of the same transaction or occurrence.[31]

The date of accrual is determined by federal law.[32] Accural occurs "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief."[33]

CFC initially contends that its claims against the defendants accrued on June 29, 2015, the date the Kansas Supreme Court denied its petition for review in state court proceedings. CFC points to this date because it is when the administrative review became final. In the alternative, CFC contends that the earliest date on which CFC's claims could have accrued is April 18, 2012, the date OSBC issued an order upholding the propriety of the seizure. CFC argues that its claims are timely regardless of the applicable accrual date. Defendants failed to suggest any accrual date. Rather, they argued only that CFC's claims are untimely because they failed to raise them in the initial complaint.

The court finds it unnecessary to determine the accrual date of CFC's claims because the court finds that CFC's claims in the proposed First Amended Complaint relate back to the claims in the original complaint. The new claim asserted in the First Amended Complaint arises from the same basic facts asserted in the original complaint, and therefore relates back to the initial complaint. With the relation back, CFC's claims are timely under either accrual date.

---

[31] *Kidwell v. Bd. of Cnty. Comm'rs of Shawnee Cnty.*, 40 F.Supp.2d 1201, 1217 (D.Kan.1998)(citations and quotation omitted).
[32] *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998).
[33] *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

V.

Based upon the foregoing, the court respectfully recommends that the district judge should grant in part and deny in part plaintiff's Motion for Leave to File First Amended Complaint.  The court recommends that plaintiff's request to amend be generally granted but that it be denied to the extent that plaintiff seeks damages in the First Amended Complaint.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. R. 72.1.4(b), the parties may serve and file written objections to the report and recommendation within fourteen (14) days after being served with a copy.

Accordingly,

**IT IS SO RECOMMENDED.**

Dated this 17th day of June, 2016, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
