IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

COLUMBIAN FINANCIAL
CORPORATION,

                Plaintiff

vs.                                          Case No. 14-2168-SAC

JUDI M. STORK, et. al,

                Defendants.

MEMORANDUM AND ORDER

The case comes before the court on the magistrate judge's report and recommendation ("R&R") of June 17, 2016, (Dk. 57), and the objection to the same filed by the defendants, Judi M. Stork and Deryl K. Schuster ("defendants") (Dks. 59 and 60). The plaintiff Columbian Financial Corporation ("CFC") has filed a response (Dk. 61) opposing the defendants' objection. Because the magistrate judge's R&R and the parties' filings provide a sufficiently detailed background, the court will be brief. CFC, as the sole shareholder of Columbian Bank and Trust Company ("Bank"), brought this action with the Bank against the Office of the Kansas State Bank Commissioner ("OSBC") and its four commission officials under 42 U.S.C. § 1983 alleging "denial of due process" from the OSCB declaring the Bank insolvent and seizing the Bank's assets. *Columbian Financial Corp. v. Stork*, 811 F.3d 390, 393 (10th Cir. 2016). The district court dismissed the

complaint, and the plaintiff CFC appealed two issues: the propriety of staying consideration of the equitable claims under *Younger v. Harris*, 401 U.S. 37 (1971), and the qualified immunity of the defendants Stork and Mr. J. Thomas Thull on the claims for damages. The Tenth Circuit affirmed the qualified immunity ruling, but it vacated the dismissal without prejudice on the equitable claims and remanded for further proceedings, because the state proceedings had terminated during the pendency of the appeal which vitiated the grounds for abstention under *Younger*. 811 F.3d at 393-95.

On remand, the plaintiff sought leave to file an amended complaint, which the magistrate judge summarized in these terms:

> In the proposed amended complaint, CFC has deleted several claims and several parties. The Bank is no longer a plaintiff. Splichal, Thull and OSBC are no longer defendants. Stork and Schuster remain as defendants in their official capacities only. The First Amended Complaint contains three counts under § 1983, one for violation of substantive due process and two for violations of procedural due process. The second claim for a violation of procedural due process is new. CFC contends that its due process rights were violated when OSBC, in seizing and closing the Bank, applied Kansas statutes that were unconstitutionally vague. CFC alleges that the defendants are responsible for OSBC's deprivation of its procedural due process rights.

(Dk. 57, p. 3). The defendants opposed the motion to amend on grounds of futility in arguing that the claims would not survive a motion to dismiss. The magistrate judge rejected the defendants' arguments except for CFC's allegation of also pursuing "monetary damages." Specifically, the magistrate judge held:

> There is little question that the law provides that "the mere possibility that a remedy incidentally may require a monetary payment

> from the state" does not mean that the Eleventh Amendment precludes the remedy." This case, however, does not appear to fall within the cases where the courts have determined that the federal courts are empowered to order prospective injunctive relief even if compliance will cost the state money. Based upon the allegations of the First Amended Complaint, the court finds that CFC can only receive prospective injunctive relief in this case. Accordingly, the court agrees that CFC's First Amended Complaint should be revised to eliminate any reference to monetary damages.

(Dk. 57, p. 6). Thus, the magistrate judge recommended that the plaintiff's request to file an amended complaint be granted except for deleting any allegations seeking or references to monetary damages. *Id.* at p. 9.

Because the magistrate judge's order denies, in part, the plaintiff's motion to amend, he filed a report and recommendation which triggers the procedures set out in Fed. R. Civ. P. 72(b). Namely, the parties have 14 days to serve and file specific written objections, and the other side has 14 days to respond to the objections. Fed. R. Civ. P. 72(b)(2). The district court is to "determine de novo any part of magistrate judge's disposition that has been properly objected to." Fed. R. Civ. p. 72(b)(3).

The plaintiff has filed no objection to the report and recommendation. The defendants, however, have timely filed their objection to the report and recommendation along with a memorandum in support. (Dks. 59 and 60). They offer only one objection going to the grounds of futility. "Defendants posit that if the only available remedy to the plaintiff is 'prospective injunctive relief,' then the Motion is entirely futile because there is nothing to prospectively enjoin the Defendants from doing." (Dk. 60). The

3

plaintiff rightly observes the defendants' objection raises an argument never presented to the magistrate judge and, therefore, has been waived.

"The Tenth Circuit has held 'that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court for appellate review.'" *Los Reyes Firewood v. Martinez*, 121 F.Supp.3d 1186, 1192 (D.N.M. 2015)(quoting *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir.), *cert. denied*, 519 U.S. 909 (1996)). The Tenth Circuit has recognized that the policies underlying the Magistrate Judge's Act are served by having "a firm waiver rule" when a party fails to make timely objections. *Id.* at 1059. Similarly, the purpose of the Magistrate Judge's Act would be frustrated if there was not a rule that "[i]ssues raised for the first time in objection to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) (citations omitted); *see also ClearOne Communications, Inc. v. Biamp Systems*, 653 F.3d 1163, 1185 (10th Cir. 2011). There is nothing in the interests of justice here that would compel the court to not apply the waiver rule as a procedural bar here. *One Parcel*, 73 F.3d at 1060-61. The defendants certainly may pursue their new arguments in a properly filed motion.

4

After reviewing the record, the district court accepts, approves and adopts as its order the Magistrate Judge's report and recommendation as filed.

IT IS THEREFORE ORDERED that the Magistrate Judge's report and recommendation (Dk. 57) is adopted and the defendants' objection (Dks. 59 and 60) is deemed waived.

IT IS SO ORDERED.

Dated this 15th day of July, 2016, Topeka, Kansas.


s/ Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge