IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

COLUMBIAN FINANCIAL
CORPORATION,

                Plaintiff

      vs.                              Case No. 14-2168-SAC

JUDI M. STORK, et. al,

                Defendants.

MEMORANDUM AND ORDER

The case comes before the court on a motion to dismiss (Dk. 69) filed by the defendants Judi M. Stork and Deryl K. Schuster ("defendants") who remain in this case only in their official capacity. The plaintiff Columbian Financial Corporation ("CFC"), as the sole shareholder of Columbian Bank and Trust Company ("Bank"), brought this action with the Bank against the Office of the Kansas State Bank Commissioner ("OSBC") and its four commission officials under 42 U.S.C. § 1983 alleging "denial of due process" from the OSCB declaring the Bank insolvent and seizing the Bank's assets. *Columbian Financial Corp. v. Stork*, 811 F.3d 390, 393 (10th Cir. 2016). The district court dismissed the complaint, and the plaintiff CFC appealed two issues:  the propriety of staying consideration of the equitable claims under *Younger v. Harris*, 401 U.S. 37 (1971), and the qualified immunity of the defendants Stork and Mr. J. Thomas Thull on the claims for damages. The

Tenth Circuit affirmed the qualified immunity ruling, but it vacated the dismissal without prejudice ruling as to the equitable claims and remanded for further proceedings. The Circuit's ruling on the equitable claims was due to the state proceedings having terminated during the pendency of the appeal which vitiated the grounds for abstention under *Younger*. 811 F.3d at 393-95.

On remand, CFC has amended its complaint to now allege three counts of relief under § 1983. Count one alleges denial of procedural due process in the seizing of the Bank and its assets without providing CFC with a hearing at a meaningful time and in a meaningful manner or with a post-seizure hearing, then and now, at which appropriate relief could be granted. Count two alleges denial of procedural due process in the seizing of the bank pursuant to state statutes that were unconstitutionally vague in failing to provide fair notice of what alleged conditions in the Bank would justify a finding of insolvency and seizure. Count three alleges denial of substantive due process in the seizing of the Bank with incomplete or insufficient evidence and, therefore, without a rational basis under the law. CFC's prayer asks for judgment in its favor and:

> b. an injunction requiring Defendants to provide CFC a hearing before a neutral judge or magistrate at which it may pursue injunctive relief sufficient to remedy the injuries CFC has suffered arising from the issuance of the Declaration, the seizure of the Bank, and the appointment of FDIC as receiver;
> c. the award of attorneys' fees and costs as provided for under 42 U.S.C. § 1988(b);

d. the award of such other relief as this Court may deem just and proper.

(Dk. 66, p. 17).

**Background**

Rather than restate the uncontested facts appearing in this court's prior order and the Tenth Circuit's opinion, the court will offer only a summary sufficient for the context of this ruling. In July of 2008, the state-chartered Bank with federal-insured deposits consented to the entry of an "Order to Cease and Desist" which required the Bank to cease and desist from engaging in the listed "unsafe or unsound banking practices and violations" and to modify its operations and policies in numerous areas and to report these changes. (Dk. 70-1). CFC has alleged that the Bank complied with this order revising its policies and submitting the required reports and analyses which demonstrated the Bank's financial strength and liquidity. On August 22, 2008, without additional notice or a prior hearing, then-Bank Commissioner J. Thomas Thull issued a Declaration of Insolvency and Tender of Receivership ("Declaration") finding the Bank insolvent. The Declaration gave the Commissioner immediate charge of the Bank and all of its properties and assets pursuant to state statute. In execution of this authority, Commissioner Thull declared that he was satisfied the Bank could not resume business and thereby appointed the FDIC as its receiver. On the same day as this seizure, the FDIC followed through with a pre-arranged sale of a substantial portion of the Bank's assets.

3

The Declaration notified the Bank it could seek judicial review of the OSBC's actions under the Kansas Judicial Review Act, K.S.A. § 77-602 *et seq.* A timely petition for review was filed. Eighteen months later, the state district court remanded the matter to the OSBC for a post-seizure proceeding under K.S.A. § 77-536. Around two years later, the OSBC issued its decision granting summary judgment against CFC and the Bank who then filed a new petition for judicial review. The district court dismissed this action as moot, and CFC and the Bank appealed. Before the Kansas Court of Appeals decided that appeal, CFC filed this federal § 1983 alleging denial of due process. This court dismissed the action based on *Younger* abstention and qualified immunity. The plaintiffs then appealed this action to the Tenth Circuit, and in the meantime, the Kansas Court of Appeals issued its decision deciding the appeal in favor of the OSBC. *Columbian Bank & Trust Co. v. Splichal*, No. 110,256-57, 2014 WL 3732013 (Kan. Ct. App. Jul. 25, 2014) (unpub.), *rev. denied*, 302 Kan. No. 1 (Kan. Jun. 29, 2015). In January of 2016, the Tenth Circuit handed down its decision and affirmed the qualified immunity rulings and dismissal of the damage claims. *Columbian Financial Corp.*, 811 F.3d 390 (10th Cir. 2016). Specifically, the panel found that "the seizure of the bank's assets and the appointment of the FDIC as receiver without a prior hearing did not violate a clearly established right." 811 F.3d at 396. The panel likewise concluded that "the delay in a postdeprivation hearing did not violate a clearly established constitutional right." *Id.* at 402.

But because the state proceedings had now terminated, the Tenth Circuit vacated the dismissal and remanded the equitable claims because there was no longer a need to abstain under *Younger*. *Id.* at 395.

**Standards Governing Motion to Dismiss**

A court may dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir.2002). The burden is with the plaintiff to establish subject matter jurisdiction. Rule 12(b)(1) motions generally will take either of two forms:  one, a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or two, a factual attack that goes beyond complaint's allegations and challenges the facts upon which subject matter jurisdiction depends. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir.1995). With a facial attack, the "district court must accept the allegations in the complaint as true." *Id*. With a factual attack, "the district court may not presume the truthfulness of the complaint's factual allegations," but it "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*; *see Los Alamos Study Group v. U.S. Dept. of Energy*, 692 F.3d 1057, 1064 (10th Cir.2012).

In deciding a Rule 12(b)(6) motion, a court accepts as true "all well-pleaded factual allegations in a complaint and view[s] these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d

1090, 1098 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010). This duty to accept a complaint's allegations as true is tempered by the principle that "mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To withstand a motion to dismiss, "'a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face.'" *Al–Owhali v. Holder*, 687 F.3d 1236, 1239 (10th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). It follows then that if the "complaint pleads facts that are 'merely consistent with' a defendant's liability it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* "'A claim has facial plausibility when the [pleaded] factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1178 (10th Cir. 2012).

**Eleventh Amendment**

The defendants seek dismissal arguing the plaintiff's action is not seeking prospective relief for an ongoing violation but rather is pursuing "backward-looking relief against the Declaration" of Insolvency and seizure of assets. (Dk. 70, p. 12). The defendants deny they are engaged in any ongoing violation of federal law, as any alleged violations happened in the distant past and the bank that was the subject of those proceedings and whose assets were seized no longer exists. The defendants assert that CFC's requested relief would function like a retrospective damages award. The defendants seek dismissal on Eleventh Amendment immunity grounds as the plaintiff's remaining claims do not come within any recognized exception.

The Eleventh Amendment provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. As interpreted by the Supreme Court, "[t]he Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state." *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013). The plaintiffs argue their claims fall within the Eleventh Amendment exception of *Ex parte Young*, 209 U.S. 123 (1908), which permits suits against state officials in their official capacity "seeking to enjoin alleged ongoing violations of federal law." *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1154 (10th Cir. 2011). "[This

exception] rests on the premise—less delicately called a 'fiction'—that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes." *Virginia Office for Protection and Advocacy v. Stewart*, 563 U.S. 247, 253 (2011) (citation omitted). Put another way, "*Ex Parte Young* employed a chameleon-like legal fiction, reasoning that when a state official violates the federal Constitution, that official is 'stripped of his official or representative character' and thus also of any immunity defense." *McDonough Associates, Inc. v. Grunloh*, 722 F.3d 1043, 1050 (10th Cir. 2013) (quoting *Ex Parte Young*, 209 U.S. at 160). "In these kinds of cases, the officer is simply prohibited from doing an act which he had no legal right to do." *Id.* (internal quotation marks and citations omitted).

To come under *Ex parte Young*, "the plaintiff must be '(1) suing state officials rather than the state itself, (2) alleging an ongoing violation of federal law, and (3) seeking prospective relief.'" *Cressman v. Thompson*, 719 F.3d 1139, 1146 n. 8 (10th Cir. 2013) (quoting *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012)). It is well established that official capacity "claims for . . . , monetary damages, and retroactive declaratory relief are barred by the Eleventh Amendment." *Meiners v. University of Kansas*, 359 F.3d 1222, 1232 (10th Cir. 2004). Specifically, "declaratory relief is not permitted under *Ex parte Young* when it would serve to declare only past actions in violation of federal law: retroactive

declaratory relief cannot be properly characterized as prospective." *Roberts v. New York*, 911 F. Supp. 2d 149, 163-64 (N.D.N.Y 2012) (citing in part *Green v. Mansour*, 474 U.S. 64, 74 (1985) (as "holding that a request for a declaratory judgment holding that portions of a statute are unconstitutional is 'nothing more than an indirect way of forcing the State to abide by its obligations as they existed before the enactment of the Act and therefore, essentially a request for specific performance' and, thus, not permitted")).

        "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland, Inc. v. Public Service Com'n of Maryland*, 535 U.S. 635, 645 (2002) (internal quotation marks and citation omitted). "It is true that a complaint must allege that the defendant *is violating* federal law, not simply that the defendant has done so." *NiGen Botech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015) (emphasis in original) (citing *Green v. Mansour*, 474 U.S. 64, 71-73 (1985)). Indeed, plaintiff "is required to show the allegedly unconstitutional acts 'were not a onetime, past event' but an ongoing violation." *Shah v. University of Texas Southwestern Medical School*, 129 F. Supp. 3d 480, 496 (N.D. Tex. 2015) (quoting in part *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 510 (6th Cir. 2008)), *aff'd*, 2016 WL

4375046 (5th Cir. Aug. 16, 2016). The Supreme Court has emphasized and

explained this element's importance to this immunity exception:

> *Young*'s applicability has been tailored to conform as precisely as
> possible to those specific situations in which it is "necessary to permit
> the federal courts to vindicate federal rights and hold state officials
> responsible to 'the supreme authority of the United States.'" *Pennhurst*
> [*State School and Hospital v. Halderman*, 465 U.S. 89], supra, at 105,
> 104 S.Ct., at 910 [(1984)] (quoting *Young*, supra 209 U.S., at 160, 28
> S.Ct., at 454). Consequently, *Young* has been focused on cases in
> which a violation of federal law by a state official is ongoing as
> opposed to cases in which federal law has been violated at one time or
> over a period of time in the past, as well as on cases in which the relief
> against the state official directly ends the violation of federal law as
> opposed to cases in which that relief is intended indirectly to
> encourage compliance with federal law through deterrence or directly
> to meet third-party interests such as compensation. As we have noted:
> "Remedies designed to end a continuing violation of federal law are
> necessary to vindicate the federal interest in assuring the supremacy
> of that law. But compensatory or deterrence interests are insufficient
> to overcome the dictates of the Eleventh Amendment." *Green v.
> Mansour*, 474 U.S. 64, 68, 106 S.Ct. 423, 426, 88 L.Ed.2d 371 (1985)
> (citation omitted).

*Papasan v. Allain*, 478 U.S. 265, 277–78 (1986).

The plaintiff contends the straightforward pleading requirements

for the *Young* exception are met here, "[f]irst Columbian alleges Defendants

have participated in the ongoing denial of a hearing that would satisfy its

constitutional due process rights." (Dk. 78, p. 9). As for pleading prospective

injunctive relief, the plaintiff argues that it "seeks an injunction that would

remedy this injury going forward by requiring Defendants to provide a

constitutionally adequate hearing." *Id.* The plaintiff cites but one case for its

position. This decision comes from this court, *Martin Marietta Materials, Inc.

v. Kan. Dep't of Transp.*, 953 F. Supp. 2d 1176 (D. Kan. 2013), *aff'd*, 810

F.3d 1161 (10th Cir. 2016), and it is plainly distinguishable. On its due process and equal protection claims, the plaintiff Martin Marietta had prayed for injunctive relief that would restore its quarry to the list of pre-approved quarries maintained by the state, that the state would then conduct a hearing on that quarry, and that the state would conduct proper prequalification and testing of Martin Marietta's other quarries. 983 F. Supp. 2d at 1184. The court made its straightforward inquiry finding that Martin Marietta had alleged ongoing federal law violations by the state's ongoing refusal to restore the mine to the pre-approved list and the state's ongoing refusal to conduct a hearing on this issue. Thus, Martin Marietta's prayer for injunctive relief was prospective in seeking to enjoin ongoing unlawful practices in violation of federal constitutional rights. *Id.* at 1187.

Unlike *Martin Marietta Materials*, the plaintiff CFC here has not alleged ongoing federal law violations and has not prayed for prospective injunctive relief. For the ongoing federal law violation, the plaintiff alleges "the ongoing denial of a hearing." The uncontested facts are that the plaintiff did receive a post-deprivation hearing, but it alleges the hearing was constitutionally deficient. The court agrees that "'the constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process.'" *Sonnleitner v. York*, 304 F.3d 704, 718 (7th Cir. 2002) (Due process claim alleging demotion without a constitutionally sufficient and prompt hearing).

Yet, all the conduct alleged against the defendants refers to the past and not to ongoing violations of federal law. The plaintiff's claim of procedural due process rests exclusively on past events and decisions, and the plaintiff's allegations challenging the constitutional adequacy of subsequent efforts to provide due process do not make this an ongoing violation. *See id.* ("The upshot of this analysis is that the allegations against the defendants in their official capacities refer to, at most, a past rather than an ongoing violation of federal law.")  Allegations such as these "do not fit within the narrow exception of *Ex Parte Young*." *Id.*

The plaintiff is not bringing a suit for injunctive or declaratory relief "challenging the constitutionality of a state official's actions in enforcing state law." *Ex Parte Young*, 209 U.S. at 154. The plaintiff's suit only challenges the defendants' actions in having enforced state law years ago. In short, plaintiff's allegation merely seeks a remedy for a past violation of the law and does not seek to enjoin the violation of an ongoing one. *Cf. Edelman v. Jordan*, 415 U.S. 651, 664 (1974) (*Young* is a "watershed case" that avoids the Eleventh Amendment bar when enjoining a state officer "to conform his future conduct of that office to the requirement of the Fourteenth Amendment."). The substance of the plaintiff's claims "is completely focused on the past"—past decisions and past proceedings of the OSBC which had a past effect on the plaintiff. *See S & M Brands. Inc. v. Cooper*, 527 F.3d 500, 511 (6th Cir. 2008). The plaintiff does not allege any

ongoing or repeated denial of property rights as to trigger future compliance, that is, a new or another due process hearing. Indeed, as the defendants point out, the bank and its assets seized in 2008 no longer exist.

The relief here cannot be called prospective in nature as it does not "remedy future rather than past wrongs." *Lewis v. New Mexico Dept. of Health*, 261 F.3d 970, 977 (10th Cir. 2001) (internal quotation marks and citation omitted). CFC does not explain how its claim for relief could offer anything more than a declaratory judgment that the defendants violated the plaintiff's due process rights years ago. Such a claim for declaratory relief is barred "[b]ecause the Eleventh Amendment 'does not permit judgments against state officers declaring that they violated federal law in the past.'" *Johns v. Stewart*, 57 F.3d 1544, 1554-55 (10th Cir. 1995) (quoting *Puerto Rico Aqueduct & Sewer Authority v Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)); *see Buchwald v. University of New Mexico School of Medicine*, 159 F.3d 487, 495 (10th Cir. 1998). The plaintiff's complaint does ask for a hearing "at which it may pursue injunctive relief sufficient to remedy the injuries CFC has suffered arising from the issuance of the Declaration, the seizure of the Bank, and the appointment of FDIC as receiver." (Dk. 66, p. 17). The court's inquiry into the claimed relief looks not only to "how it is captioned but also in its substance." *Hill v. Kemp*, 478 F.3d 1236, 1259 (10th Cir. 2007), *cert. denied*, 552 U.S. 1096 (2008). The plaintiff's caption here is lacking in substance. With the Bank and its assets no longer in

existence, the plaintiff does not articulate what prospective injunctive relief could offer a remedy to past injuries. A declaratory judgment or other relief to address these past wrongs is the type of retroactive relief prohibited under *Ex Parte Young*. "There is no prospective remedy that can unring that bell." *Opala v. Watt*, 454 F.3d 1154, 1160 (10th Cir.), *cert. denied*, 549 U.S. 1078 (2006). The court cannot understand how a post-deprivation hearing now would redress the CFC's alleged injuries. *Id*. The court is convinced that the plaintiff seeks an impermissible form of relief under Eleventh Amendment jurisprudence.

The above ruling is consistent with this court's prior ruling that *Ex Parte Young* did not apply to the plaintiff's claims against the defendants Stork and Shuster. The court remarked in that order:

> In examining the nature of the relief sought by Plaintiffs, the Court looks to the substance, not just to the caption, of the matter. *Hill*, 478 F.3d at 1259. The complaint seeks an injunction requiring the Defendants "to comply with state and federal law." But an injunction may not enjoin "all possible breaches of the law." *Hartford–Empire Co. v. United States*, 323 U.S. 386, 410, 65 S.Ct. 373, 89 L.Ed. 322 (1945). And such a vague, broad, and unenforceable injunction would not satisfy the requirements of Rule 65(d). *See Schmidt v. Lessard*, 414 U.S. 473, 476, 94 S.Ct. 713, 38 L.Ed.2d 661 (1974).
>
> In essence, Plaintiffs are merely seeking to undo or address the past harms they allegedly suffered by virtue of the seizure, receivership, and subsequent administrative proceedings relating to those events, rather than to prevent prospective violations of law. Plaintiffs allege no act that Defendants might take in the future which could be addressed by an injunction. Accordingly, the relief can only reasonably be categorized as retrospective. As such, it does not fall into the Ex Parte Young exception to state sovereign immunity. *See Buchheit v. Green*, 705 F.3d 1157, 1159 (10th Cir.2012).

*Columbian Financial Corp. v. Stork*, 2014 WL 6472862  at *7 (D. Kan. Nov. 18, 2014). The plaintiff's amended complaint does not change the court's analysis and conclusion of Eleventh Amendment immunity here.

IT IS THEREFORE ORDERED that the defendants' motion to dismiss (Dk. 69) the first amended complaint as barred by Eleventh Amendment immunity is granted.

Dated this 18th day of October, 2016, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge