# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| COLUMBIAN FINANCIAL CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 14-2168-SAC ) |
| JUDI M. STORK, et al., | ) ) |
| Defendants. | ) |

## ORDER

This matter comes before the court upon plaintiff's Motion for Substitution of Parties under Fed.R.Civ.P. 25(d)(ECF No. 95). For the following reasons, this motion is granted.

### I.

In this action, plaintiff asserts due process claims under 42 U.S.C. § 1983 against Judi M. Stork, in her official capacity as Deputy Bank Commissioner of Kansas, and Deryl Schuster in his official capacity as Bank Commissioner of Kansas. In this motion, plaintiff seeks to substitute parties because Stork and Schuster have resigned their positions and been replaced. Plaintiff seeks to substitute Michelle W. Bowman as the Bank Commissioner of Kansas and Jennifer Cook as the Deputy Bank Commissioner of Kansas.

In response, defendants acknowledge that Stork and Schuster have resigned from their respective positions and they do not oppose the substitution of Bowman for Schuster. But, defendants contend that Cook should not be substituted for Stork, because Cook is the Deputy Bank Commissioner of the Division of Consumer Mortgage Lending. Defendants argue that this position is not related to any of the claims plaintiff has made in this action. Defendants point out that the position previously occupied by Stork is now vacant. In reply, plaintiff notes that it is

unable to affirm or dispute defendants' factual contentions. Plaintiff suggests that its claims against the Deputy Bank Commissioner of Kansas in his or her official capacity should be maintained against the official title until it can determined whether Cook is the proper successor, or until Stork's prior position is filled.

II.

If an action is brought against a public officer in the officer's official capacity, the action does not abate if the officer dies, resigns, or otherwise ceases to hold office.[1] The successor is automatically substituted as a party.[2] The rule permits the automatic substitution of both federal and state officers.[3] A public officer who is sued in his official capacity may be designated by official title rather than by name.[4] When suit is against the officer by title, rather than by name, the name can be added at any time if it seems necessary or desirable to do so. The manipulation of names is merely a technicality that should not interfere with substantial rights.[5]

III.

The court shall grant plaintiff's motion. Substitution is appropriate because the current defendants have resigned from their positions. The court shall substitute Bowman for Shuster as Bank Commissioner of Kansas. The court shall substitute the position of Deputy Bank Commissioner for Stork. The court shall later add the name of the Deputy Bank Commissioner if it becomes necessary or desirable to do so.

Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Substitution of Parties under Fed.R.Civ.P. 25(d)(ECF No. 95) is granted.

---

[1] Fed. R. Civ. P. 25(d).
[2] *Id.*
[3] *Society of Separationists v. Pleasant Grove City*, 416 F.3d 1239, 1241 n. 2 (10th Cir. 2005).
[4] Fed. R. Civ. P. 17(d).
[5] *Echevarria-Gonzalez v. Gonzalez-Chapel*, 849 F.2d 24, 31 (1st Cir. 1988).

**IT IS SO ORDERED.**

Dated October 13, 2017, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
