## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| COLUMBIAN FINANCIAL CORPORATION, ) ) ) Plaintiff, ) ) v. ) ) MICHELLE W. BOWMAN, in her ) official capacity as Bank Commissioner ) of Kansas, et al., ) ) Defendants. ) | Case No. 14-2168-SAC |

## **ORDER**

This matter comes before the court upon defendants' Motion for Stay of Discovery (ECF No. 106). For the following reasons, this motion is denied.

### I.

In their motion, defendants seek to stay discovery pending resolution of their motion for summary judgment. Defendants initially contend that their motion for summary judgment will likely resolve the remaining claim here. They assert that discovery is not necessary for the resolution of the motion for summary judgment, and discovery on all issues posed by the complaint would be wasteful and burdensome. Plaintiff counters that defendants have failed to offer any good reason to depart from the general rule that discovery should not be stayed pending a dispositive motion. Plaintiff suggests that the arguments raised by defendants in the summary judgment motion consist "largely of arguments presented to and passed over by the Court in Defendants' prior motions to dismiss."

II.

This case has a tangled background. Some review of that background is necessary to put the instant motion into proper perspective. Plaintiff Columbian Financial Corporation ("CFC") is a Kansas for-profit corporation and was the sole shareholder of Columbian Bank and Trust Company ("bank"). Columbian Bank is a state-chartered bank in the State of Kansas. In 2008, the Office of the State Bank Commissioner of Kansas ("OSB" or "bank commission") declared the bank insolvent, seized the bank's assets and appointed the Federal Deposit Insurance Corporation as receiver. The FDIC then sold many of the bank's assets. CFC sought judicial review of the OSB's actions in Kansas state court. The Kansas trial court remanded the petition to the bank commission for a post-seizure hearing. The OSB eventually granted summary judgment against CFC and Columbian Bank. CFC and the bank then filed a new petition for judicial review in the Kansas courts. The trial court dismissed the action as moot, and CFC and the bank appealed.

Before the Kansas Court of Appeals ("KCOA") issued a decision, CFC and the bank filed this action on April 10, 2014. CFC and the bank asserted claims against the OSB and several current and former officials of the OSB. CFC and the bank alleged denial of due process under 42 U.S.C. § 1983 when the OSB seized the bank's assets and appointed the FDIC as a receiver after declaring the bank insolvent. CFC and the bank sought equitable remedies and damages. Judge Crow eventually ordered dismissal, relying on *Younger* abstention and qualified immunity.[1] CFC appealed this decision.

---

[1] *Columbian Financial Corp. v. Stork*, 2014 WL 6472862 (D. Kan. Nov. 18, 2014).

While the appeal in this case was pending, the KCOA found in favor of the bank commission.[2] The KCOA determined that CFC and the bank failed to meet their burden of proving the invalidity of the Commissioner's action under Kansas law. In sum, the Commissioner was authorized to declare the bank insolvent, to take charge of the Bank and all of its assets, and to appoint a receiver. CFC and the bank filed a petition with the Kansas Supreme Court for review of the KCOA's decision, which was later denied.

In light of the decision by the KCOA, the Tenth Circuit affirmed in part and vacated in part the decision by Judge Crow.[3] The Court found that *Younger* abstention did not preclude CFC from prosecuting its equitable claims in federal court in light of the termination of the state administrative proceedings. The Court also held that Judge Crow had properly determined that the individual defendants were entitled to qualified immunity on CFC's claims for damages.

On remand, CFC filed an amended complaint, naming only the current bank commissioner and deputy bank commissioner as defendants. CFC alleged that defendants seized the bank and its assets without providing CFC with an opportunity to be heard in a meaningful manner, in violation of its Fourteenth Amendment right to due process. CFC sought a judgment in its favor and against the defendants, an injunction requiring a hearing to determine the injuries it has suffered, attorneys' fees and the award of any other relief deemed just and proper.

Judge Crow dismissed the complaint as barred by sovereign immunity.[4] Regarding *Ex parte Young*, the court held that CFC failed to allege an ongoing violation of federal law, nor did it pray for prospective injunctive relief. The court stated: "With the Bank and its assets no

---

[2] *Columbian Bank & Trust v. Splichal*, 329 P.3d 557, 2014 WL 3732013 (Kan.App. July 25, 2014).

[3] *Columbian Financial Corp. v. Stork*, 811 F.3d 390 (10th Cir. 2016).

[4] *Columbian Financial Corp. v. Stork*, 216 F.Supp.3d 1267 (D. Kan. 2016).

longer in existence, the plaintiff does not articulate what prospective injunctive relief could offer a remedy to past injuries." Thus, the court concluded that the only relief was "a declaratory judgment that the defendants violated [its] due process rights years ago." Judge Crow held that such a claim was barred by the Eleventh Amendment.

On appeal, the Tenth Circuit reversed and held that *Ex Parte Young* did not bar CFC's due process claims.[5]  The Court further held that CFC's claims were not moot.

Following remand, CFC named the current bank commissioner and the position of deputy bank commissioner as defendants. Defendants then moved for summary judgment, and filed the instant motion to stay discovery. In the motion for summary judgment, defendants contend that the 2014 decision by the KCOA bars CFC's claims through the doctrines of res judicata, collateral estoppel, and law of the case.

### III.

The decision to stay discovery is firmly vested in the sound discretion of the trial court.[6] Nevertheless, the Tenth Circuit has warned that "'the right to proceeding in court should not be denied except under the most extreme circumstances.'"[7] To that end, as a general rule, courts in the District of Kansas do not favor staying pretrial proceedings even though dispositive motions are pending.[8] However, it is appropriate to stay discovery pending resolution of a dispositive

---

[5] *Columbian Financial Corp. v. Stork*, 702 Fed.Appx. 717 (10th Cir. 2017).

[6] *Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D.Kan.1990).

[7] *Afshar v. Unites States Dep't of State*, No. 06–2071, 2006 U. S. Dist. LEXIS 52435, at *2 (D.Kan. July 18, 2006)(citing *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir.1983)).

[8] *Wolf v. U.S.*, 157 F.R.D. 494, 494 (D.Kan.1994).

motion where "the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[9]

IV.

After a careful review of the history of this litigation and the defendants' motion for summary judgment, the court has determined that discovery should not be stayed.  The court does not find that defendants have overcome the application of the usual policy in this district concerning discovery.  The great weight of authority is against granting a stay of discovery, even when a dispositive motion is pending.  Defendants have suggested that their motion for summary judgment would completely resolve this case.  The court recognizes that defendants have made some persuasive arguments in their motion for summary judgment, but the court is unable to predict how Judge Crow will resolve it.  The court does not believe that additional discovery is necessary for a decision on the motion for summary judgment, but the court is also not persuaded that further discovery will be wasteful or burdensome.  Accordingly, given the general rule disfavoring the stay of discovery, out of an abundance of caution, and in its discretion, the court will not stay discovery here simply because the pending motion for summary judgment may not need further discovery.  Defendants' motion to stay discovery is denied.  The court will enter a scheduling order based upon the scheduling conference that occurred on December 18, 2017.

**IT IS THEREFORE ORDERED** that defendants' motion for stay of discovery (ECF No. 106) is hereby denied.

**IT IS SO ORDERED.**

---

[9] *Kutilek*, 132 F.R.D. at 298; *Wolf*, 157 F.R.D. at 494.

Dated this 5th day of January, 2018, at Topeka, Kansas.

<u>s/ K. Gary Sebelius</u>  
K. Gary Sebelius  
U.S. Magistrate Judge
