IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| COLUMBIAN FINANCIAL CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-2168-SAC |
| ) | |
| MICHELLE W. BOWMAN, in her official capacity as Bank Commissioner of Kansas, et al., ) ) ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter comes before the court upon defendants' Motion to Stay Enforcement of January 5, 2018 Order Denying Motion to Stay Discovery and January 9, 2018 Scheduling Order (ECF No. 119). For the following reasons, this motion is denied.

This case arises from the closure of the Columbian Bank and Trust in 2008 by the Office of the State Bank Commissioner ("OSB"). Additional litigation arising from the closure has taken place in the Kansas state courts. Here, plaintiff asserts claims against the current officials of the OSB, alleging denial of due process under 42 U.S.C. § 1983.

On January 5, 2018, the court denied defendants' motion to stay discovery. Defendants sought to stay discovery based upon a pending motion for summary judgment. The court found that defendants' arguments were insufficient to overcome the strong presumption against staying discovery. On January 9, 2018, the court entered a Scheduling Order, reflecting the results of a Scheduling Conference held on December 18, 2017. On January 19, 2018, defendants sought review of the order of January 5, 2018. Defendants also filed the instant motion on that date.

In their motion, defendants contend that the court should stay the orders of January 5, 2018 and January 9, 2018, pursuant to D.Kan. Rule 72.1.4(d) to allow the district court an opportunity to rule on their motion for review. Defendants argue that, if a stay is not imposed, the district court will not be able to consider their timely objections.

D. Kan. Rule 72.1.4(d) permits a party to apply to a magistrate judge for a stay of the magistrate judge's order pending review of the order by the district court judge. Neither the Federal Rules of Civil Procedure nor the Rules of Practice of the United States District Court for the District of Kansas establish criteria to be considered upon an application for stay pending review. The courts in this district thus have applied the criteria used in evaluating discretionary stays in other contexts. "Generally stated, the rule is that the court reviewing the application assesses the movant's chances for success on appeal and weighs the equities between the parties."[1] Specifically, the court considers: (1) whether the movant is likely to prevail on review; (2) whether the movant has established that absent a stay the movant will suffer irreparable harm; (3) whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and (4) the public interests implicated by the stay.[2]

In its motion for review, defendants raise essentially the same arguments that were asserted in their original motion to stay. They assert that their motion for summary judgment will be decided in their favor and any discovery would be wasteful and burdensome. Based upon review of the defendants' motion, the court remains satisfied that it properly analyzed the issues and reached an appropriate conclusion, particularly considering the general policy in the District of Kansas that discovery should be stayed only in "extreme circumstances." The court does not

---

[1] *Mannell v. Kawasaki Motors Corp.*, No. 89–4258, 1991 WL 34214, at *3 (D.Kan. Feb. 22, 1991).
[2] See *id.* (citing *E.I. DuPont de Nemours & C. v. Phillips Petroleum Co.*, 835 F.2d 277 (Fed.Cir.1987); *Hesston Corp. v. Sloop*, 734 F.Supp. 952, 953 (D.Kan.1990); and *Franklin Savs. Assoc. v. Dir. of the Office of Thrift Supervision*, No. 90–4054, 1990 WL 95055 (D. Kan. June 22, 1990)).

presume to predict how Judge Crow will rule on the motion. But the court concludes, after considering the relevant circumstances and the applicable law, that defendants are unlikely to prevail on review.

As to the second factor, the court notes that defendants have not addressed it. They have made no arguments that they will suffer irreparable harm absent a stay. They have suggested that any discovery would be wasteful and burdensome, but this hardly rises to the level of irreparable harm. Plaintiff contends it will suffer substantial harm if the court's order is stayed because it has already been deprived of discovery for approximately four years. The court is sympathetic to this argument given the court's general policy not to stay discovery. Finally, the court finds that the public interest weighs in favor of denying defendants' motion for stay. A stay will only further delay the public interest in securing the speedy resolution of every case.

In sum, the court denies defendants' motion to stay. Defendants shall respond to plaintiff's pending discovery within thirty (30) days of the date of this order.

**IT IS THEREFORE ORDERED** that defendants' Motion to Stay Enforcement of January 5, 2018 Order Denying Motion to Stay Discovery and January 9, 2018 Scheduling Order (ECF No. 119) is denied. Defendants shall respond to plaintiff's pending discovery within thirty (30) days of the date of this order.

**IT IS SO ORDERED.**

Dated this 2nd day of March, 2018, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge